Barry Kirschner Law, LLC
2205 E. Speedway Blvd
Tucson, AZ 85719
Phone 520-849-7771
Fax 520-849-7773
Barry Kirschner/SBN 005592/PAN 31284
Barry@BarryKirschnerLaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Flavio Carrillo,<br><br>   Plaintiff,<br><br>   vs.<br><br>Humana Health Plan of Arizona, Inc., and Kanawha Insurance Company,<br><br>   Defendants. | D.C. No.:<br><br>**COMPLAINT** |

Plaintiff Flavio Carrillo ("Carrillo") alleges:

1. This dispute is within the jurisdiction of the United States District Court for the District of Arizona. 29 U.S.C. §1132 (a)(1)(B) and (a)(3). Venue is proper.

2. The purchase of the insurance contract and the underlying work performed by Plaintiffs was in Pima County Arizona. Venue is proper. Ronstadt Insurance, LLC has been the relevant insurance agent on this transaction.

3. Defendant Humana Health Plan of Arizona, Inc. (Humana) is an insurer which holds itself out for administration of ERISA plans, including plans which were purchased by G I T Global Services (G I T) for the benefit of its owner-employee Plaintiff Flavio Carrillo (Carrillo).

4. Defendant Kanawha Insurance is, on information and belief, a subsidiary or in a legal relationship with Humana where Humana has control directly or indirectly of

Complaint - 1

Kanawha. Humana Defendants, or Defendants, refers to the combination of Humana and Kanawha.

5. Both Humana and Kanawha have fiduciary duties in this matter owing to Carrillo and G I T which he co-owns with his wife Doreen Carrillo (Doreen).

6. The purpose of Congress in enacting ERISA is described in 29 U.S.C. §1001(b):
> It is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

**CARRILLO SUFFERS A NEAR FATAL, DISABLING CEREBRAL INFARCTION (STROKE)**

7. Beginning in 2011 and continuing to the present, the small business owned by Carrillo and his wife Doreen (G I T) has funded an ERISA plan administered by Defendants which includes long term disability (LTD) as part of the protection for employee participants including Flavio.

8. In July 2017, Carrillo suffered a near fatal cerebral infarction (stroke) while he was a participant in both the short term disability (STD) and LTD Plans of Defendants.

9. Carrillo has suffered significant cognitive loss and is recognized as totally disabled by Defendants.

10. Carrillo has applied for Social Security Disability Insurance (SSDI) from the Social Security Administration. His claim was granted without controversy almost immediately after it was filed.

11. Defendants honored their obligation to pay STD benefits.

12. Defendants also agree that Carrillo is totally disabled and entitled to benefits under the Plan's LTD provisions.

**DEFENDANTS INFORM CARRILLO THAT HIS LTD MONTHLY BENEFIT AS OUTLINED IN HIS POLICY IS $5,998.20. DEFENDANTS THEN REVERSE POSITIONS WITH CARRILLO RECEIVEING ONLY $730.00 MONTHLY**

13. On May 2, 2018, on a Humana letterhead, in a letter signed by Dee Collins, Claim Analyst for Kanawha Insurance Company/Humana wrote:

> As outlined in your LTD policy, your LTD benefit is subject to be reduced by Social Security Disability (SSD) benefit. <u>Your monthly LTD benefit was $5,998.20</u>. Your monthly Social Security Disability benefit is $2,270.00. Also, dependents (under age 19) who are entitled to Dependent Social Security Disability (OSSO) benefits also reduce your LTD benefit. This benefit is usually half of the PSSD benefit amount. You indicated on your LTD application that you have a dependent. Therefore, we are estimating DSSD to be $1,135.00. Please apply for this benefit if you have not already done so. Then forward us a copy of the entire award/denial notice from the Social Security Administration Office. We will make any necessary adjustments to your claim once this information has been received. <u>Your LTD benefit has resulted in an adjusted monthly LTD benefit of $2,593.20 effective 1/1/18</u>, the date of entitlement of your SSD benefits. <u>Exhibit 1</u>. [Emphasis added].

14. Defendants later informed Plaintiff, and his wife Doreen, that the policy benefit would not be $5,998.20 or $2,593.20 after offsets as described in its May 2, 2018 letter but would be $3,000 minus $2,270 monthly or only $730 monthly.

15. Carrillo, disabled by cognitive loss, acting through Doreen asked for explanation and protested the reduced benefit amount.

16. Defendants denied Carrillo's claim that an improper amount was being paid with a November 5, 2018 letter stating in part:

> <u>While you did elect a $5,000.00 benefit on the coverage election sheets you provided</u>, the maximum monthly benefit allowable to you under the policy is $3,000. *See* <u>Exhibit 2,</u> November 5, 2018 letter with Humana letterhead and signed by Group Claim Appeal Unit Kanawha Insurance Company/Humana. [Emphasis added].

17. Following the procedure outlined in Defendants' November 5, 2018 letter, Carrillo appealed that determination with a January 10, 2019 letter with many exhibits in support of the Carrillo position.

18. In a Subscriber Summary on Humana's website it lists LTD Basic Monthly Coverage Amount, $5,000 with an effective date 1/1/17-7/31/17. <u>Exhibit 3</u>.

19. In an insurer invoice from Humana for coverage in July 2017, the LTD benefit amount was listed as $5,000.00. <u>Exhibit 4</u>.

20. Defendants denied Carrillo's appeal on February 11, 2019, with language that included:

> <u>With respect to the benefit calculation your administrative remedies are exhausted</u>. This determination as described in the above analysis represents our final decision on this appeal request for the benefit calculation only. <u>You are entitled to receive upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to this claim</u>. You may bring a civil action under section 502(a) of the Employee Retirement Income Security Act of 1974. ("ERISA").
> Under the Policy, legal action cannot be taken against us more than 3 years after the date Proof of Loss is required to be given according to the terms of the Policy. Please consult the Policy's Legal Actions and Sending Proof of Loss provisions for additional information.
> <u>Exhibit 5</u>, Humana letter, February 11, 2019. [Emphasis added]

**UNITES STATES DEPARTMENT OF LABOR REGULATIONS**

21. To increase the likelihood that a participant would receive a full and fair consideration of his disability claim, The United States Department of Labor (DOL) has promulgated regulations to require disclosure of information to disability claimants. *See* 29 CFR §2560.503-1, and 29 CFR §2520.104b-1(b).

22. Among the requirements placed upon claim and plan administrators is to furnish, following written request, all relevant documents which have been considered in connection with an adverse decision on Policy benefits. *See* 29 CFR §2560.503-1(M)(8).

23. Both the denial of Carrillo's claim for a higher benefit payment, and the denial of the appeal made after that claim was denied, are adverse decisions for purpose of the relevant regulations.

24. The letters terminating benefits and denying the Carrillo appeal had direct language informing its participant Carrillo of his right to receive documents after making the request in writing.

25. The definition of "relevant" from 29 CFR §2560.503-1(M)(8) is:
> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
> (i) Was relied upon in making the benefit determination;
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

26. In the context of the Carrillo claim, all communications relating to the amount of benefit requested, paid for, or referenced in data related to the G I T or Carrillo file is relevant.

27. Neither the underwriting file as a whole nor any part of it has been provided to Carrillo.

**DEFENDANTS STONEWALL AND REFUSE TO PROVIDE RELEVANT INFORMATION ABOUT ITS MAY 02, 2019 LETTER, OR ANY UNDERWRITING DATA**

28. Now represented by counsel, Carrillo requested all relevant documents by letter of April 3, 2019.

29. The type of information which discloses the terms and amounts of benefits which have been negotiated for and communicated is often found in what is known as an underwriting file.

30. Following the denial of the Carrillo claim regarding the amount of benefits to be received, Carrillo has asked on multiple occasions, in writing, for all relevant documents including the underwriting file.

31. When there was no response from Defendants, Carrillo sent a telephonic and another written reminder to acquire all relevant documents.

32. Defendants responded on Humana letterhead in a letter authored by senior Ability Analyst Corondelette Clay stating:
> The Long Term Disability claim file is currently approved. We will not release a copy of the claim file per your request, as all information is proprietary. See Exhibit 6, June 17, 2019 letter of Corondelette Clay. [Emphasis added]

33. On July 9, 2019 Defendants wrote to Carrillo stating in part:
> I will be your new Analyst handing your claim going forward. Nothing is needed for your claim right now, and I will be sure to let you know when anything at all is needed.
> Also, you were 40 years old when your disability began on 07/22/2017. Your benefits became effective on 10/28/2017. Therefore, your LTD benefits will end on 09/20/2043, since your policy indicates benefits are payable for a maximum to age 67.

34. Later in the letter the author described her goal as providing Carrillo with excellent service. See Exhibit 7, July 9, 2019 letter from Elizabeth Ndonyi.

35. On July 9, 2019, Carrillo protested the inadequacy of Defendants response for documents.

36. On July 17, 2019, Carrillo, acting through counsel described the inadequacy of the responses to the requests for information following the adverse decision regarding the low amount of coverage. See Exhibit 8.

37. Defendants again ignored and did not comply with its obligations to provide information causing yet another letter attempting to work matters out without recourse of

filing a civil action. This was explained by letter of August 23, 2019. *See* <u>Exhibit 9</u>, August 23, 2019 letter.

38.  On September 16 and 17, 2019 Carrillo's counsel received two emails that a response to the August 23 letter would be forthcoming by September 19. *See* <u>Exhibit 10.</u>

39.  On September 25, 2019, Carrillo counsel received the claim file with a cover letter dated September 19, 2019 which stated:
> Please note that to protect materials such as private third-party information or privileged communications, certain documents may have been withheld or appropriately redacted. <u>Exhibit 11</u>.

40.  Any "privilege" that Defendants have to withhold documents from the participant to whom it owes a fiduciary duty is extremely limited. *Stephan* v. UNUM, 3d 126, 137 (2d Cir. 2008).

41.  If a privilege were to be legitimately asserted to withhold documents, it should be done properly with use of a privilege log explaining why the specific documents withheld have not been provided, and allowing the requesting party to substantively challenge the assertion of the privilege.

42.  Carrillo has informed Defendants that he does not recognize any privileged documents within the scope of the DOL definitions of relevant, and if there were such an assertion that it should be made in part with a disclosure of a meaningful and adequate privilege log. Defendants have failed to disclose documents which are relevant or to provide a privilege log to further its justification for withholding documents.

43.  The redacted material includes evidence that the correct base benefit amount in 2017 prior to Carrillo's disability is $5,000.

44.  The redacted material includes a document sent to Defendants by Carrillo as an exhibit to his Appeal. The exhibit in the original shows a $5,000 benefit amount on an invoice with Humana letterhead. Defendants' redaction hides the benefit amount. Compare <u>Exhibit 12</u> and page 4 of Exhibit 4

**EQUITABLE RELIEF TOLLING STATUTE OF LIMITATIONS**

45. The failure of Defendants is not a "mistake" but has been done as a matter of its internal guidelines. A September 12, 2019 email from Donna Miley to Elizabeth Ndonyi and others (some names are redacted) states:

> The new request letter has asked for things that we are unable to send. As the claim is still in approved status, we can only send the medical records for the LTD. I don't know if your guidelines are different, but that is all we are allowed to send on an active claim. He is also asking for some calculations and something from underwriting, neither of which we would handle. Exhibit 13.

46. The claims department actively included the underwriting department in its handling of Carrillo's administrative appeal. *See* Exhibit 14, email of February 7, 2019.

47. The claim department tried to hide its knowledge of a $5,000 monthly benefit amount with an unlawful redaction from a document provided by Carrillo which is clearly "relevant" and a part of the record.

48. Repeatedly, month after month, Defendants have broadcast on their internal database that the monthly benefit amount purchased under the group policy was $5,000. *See* e.g., Exhibits 3 and 4.

49. The 2011 Policy of insurance states that there is a maximum benefit of $3,000 monthly.

50. For reasons set forth in detail above, Defendants have produced many documents implying and also stating directly that the actual benefit which should be paid exceeds $3,000 monthly.

51. Plaintiff Carrillo has filed litigation in the Superior Court of Arizona alleging negligence of the insurance agency which procured and administered the relationship between insurer and purchaser of the relevant Policies of insurance. *See* Exhibit 15, Complaint filed July 22, 2019 (without exhibits).

52. The failure by Humana Defendants to provide Carrillo with documents as required may deprive Carrillo from stating and prevailing on a case that the relevant contract entitles him to a higher benefit amount than he now receives.

53. The absence of this information should not serve as an advantage to Defendants which are responsible for improperly withholding information from Carrillo.

54. If the data which comes as a result of this litigation further establishes that Defendants are substantively obligated to pay a higher benefit amount than they are currently paying, it would be unequitable for Defendants to be able to claim that Carrillo is barred by a statute of limitations from bringing a claim against these Defendants.

## COUNT I
## DECLARATORY RELIEF

55. Carrillo incorporates all paragraphs above as if fully set forth herein.

56. Carrillo seeks Declaratory Relief pursuant to 29 U.S.C. §1132 (a)(1)(B) and (a)(3) for a Declaration that:

   a. Carrillo is entitled to be furnished from Humana Defendants all relevant documents and that relevant documents include all underwriting materials, all documents related in any way to the relevant Plan or contract, all communications with any agent representing Carrillo or his employer G I T, or in any way involved in the Carrillo contract, claim, or claim administration, all documents withheld by an assertion of privilege prior to the filing of this civil action in the United States District Court, and all materials "redacted" instead of being furnished in response to Carrillo's request(s);

   b. Defendants not be allowed to continue to interpret its obligations in defining "relevant" to exclude providing materials related to the underwriting of a contract when a claim is asserted, to Carrillo or other participants of its ERISA contracts;

   c. This relief should also include a "Stay" so that Carrillo will not be penalized by a reduced amount of time to assert a substantive claim for relief for

additional benefits against these Defendants for unpaid or inadequately paid benefit amount;

d. Defendants pay reasonable attorney's fees, costs, and all relief legal or equitable available under these circumstances.

RESPECTFULLY SUBMITTED this 2nd day of January, 2020.

BARRY KIRSCHNER LAW, LLC

By: ___/s/ Barry Kirschner  #005592__
Barry Kirschner
Barry Kirschner Law, LLC
PO Box 40664
Tucson, AZ 85717
Phone: 520-849-7771
Fax: 520-849-7773
Barry_Kirschner@outlook.com
*Attorney for Plaintiff*